IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARLAND E. WILLIAMS,

Plaintiff,

v.                                              Case No. 16-2655-JAR

UNITED STATES DEPARTMENT OF
JUSTICE, *et al.*,

Defendants.

## ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS and REPORT AND RECOMMENDATION

The pro se plaintiff, Garland E. Williams, has moved to proceed with this action in forma pauperis (ECF doc. 3). As discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, recommends that, although plaintiff is granted leave to proceed in forma pauperis, his action be dismissed under the screening requirement of 28 U.S.C. § 1915(e)(2).

I.     Motion to Proceed In Forma Pauperis

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit [asserting] . . . the person is unable to pay such fees or give security therefor."[1]   To succeed on a motion to proceed in forma pauperis, the movant must show a financial inability to pay the required filing fees.[2]   The decision to

---

[1] 28 U.S.C. § 1915(a)(1).

[2] *United States v Garcia*, 164 Fed. App'x 785, 786 n.1 (10th Cir. Jan. 26, 2006).

-1-

grant or deny in-forma-pauperis status under § 1915 lies within the "wide discretion" of the trial court.[3]   Based on the information contained in plaintiff's affidavit, plaintiff has shown a financial inability to pay the required filing fee. Plaintiff is unemployed and claims monthly income, in the form of unemployment payments, in the amount of $776.00.  Plaintiff claims $536.00 in monthly expenses, $60,000.00 in student loan debt, and $5,000.00 in credit line debt.  The court therefore grants plaintiff leave to proceed without prepayment of the filing fee pursuant to § 1915(a)(1).

II.   Screening under 28 U.S.C. § 1915(e)(2)

When a party is granted leave to proceed in forma pauperis, § 1915(e)(2) requires the court to screen the party's complaint.  The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[4]   The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[5]   The screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners

---

[3]*Id.*

[4]28 U.S.C. §1915(e)(2)(B).

[5]*Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

alike.[6]

In applying § 1915(e)(2) to the pleadings of a pro se litigant, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[7]   This does not mean, however, that the court must become an advocate for the pro se plaintiff.[8]  "To state a claim, the plaintiff must provide 'enough facts to state a claim to relief that is plausible on its face.'"[9]  The "court need not accept allegations that state only legal conclusions."[10]  Dismissal is appropriate when "it is obvious that the plaintiff cannot prevail on the facts []he has alleged and it would be futile to give [him] an opportunity to amend."[11]

Plaintiff's complaint is difficult to follow.  As best the court can discern, plaintiff asserts allegations against the United States Department of Justice and various other defendants, apparently stemming from the enforcement of one or more state-court orders requiring plaintiff to pay child support. The 40-page complaint alleges "Constitutional deprivation pursuant of Petitioner's civil rights pursuant 42 U.S.C. § 1983," "Accessory

---

[6]*See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[7]*Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[8]*Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

[9]*Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10]*Peoples v. Langley/Empire Candle Co.*, No. 11-2469, 2012 WL 171340, at *2 (D. Kan. Jan. 20, 2012) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[11]*Phillips v. Layden*, No. 11-7011, 2011 WL 4867548, at *1 (10th Cir. Oct. 14, 2011) (internal quotation and citation omitted).

after the Principle Fact conveyed under 18 U.S.C. § 3," "separation," "Negligence conveyed under 15 U.S.C. § 16810," "conspiracy … pursuant 42 U.S.C. § 1985(1)(3) and § 1986"—among various other claims.[12]

Plaintiff indicates in his complaint that "[t]his cause, or a substantially equivalent complaint, was previously filed in this court as case number 2:16-CV-02292-JAR."[13] In the earlier-filed (and presently pending) action, the presiding U.S. Magistrate Judge, Gerald L. Rushfelt, ordered plaintiff to show cause why the case should not be dismissed for failure to state a claim and lack of subject matter jurisdiction.[14]   Judge Rushfelt observed that the complaint "provides nothing of facts or substance sufficient to state a violation of law upon which the Court can render judicial relief."[15] Additionally, Judge Rushfelt determined that the court lacks jurisdiction over plaintiff's claims, noting that defendants would be entitled to defenses of sovereign immunity or judicial immunity and that the *Rooker-Feldman* doctrine precludes review of the state-court decision concerning plaintiff's minor child.

As plaintiff indicates in his complaint, the instant case is largely duplicative of the prior-filed action; among other exceptions, the complaint filed in the above-captioned case asserts claims against Judge Rushfelt and U.S. District Judge, Julie A. Robinson,

---

[12] ECF doc. 1.

[13] *Id.*

[14] *Williams v. United States Dept. of Justice, et al.*, No. 16-2292 (D. Kan. May 18, 2016).

[15] *Id.*

stemming from the prior-filed action.   The undersigned recommends that plaintiff's complaint be dismissed for failure to state a claim and lack of subject matter jurisdiction. Plaintiff makes "vague, rambling" assertions from which it would be impossible for defendants to frame an answer.[16]  His "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[17]  Moreover, plaintiff has failed to provide any direct response to Judge Rushfelt's findings with respect to the application of the aforementioned immunity defenses[18] or the *Rooker-Feldman* doctrine.   For these reasons, the undersigned believes that there is no logical construction of plaintiff's complaint from which to divine a cognizable claim.   Nothing in plaintiff's pending motion to amend his complaint (ECF doc. 5) or in his proposed amended complaint alters this conclusion.   Any further attempts to amend the complaint would be futile.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of

---

[16] *Collier-Kinnell v. U.S.*, No. 10-4140, 2010 WL 4807075, at *2 (D. Kan. Nov. 17, 2010).

[17] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[18] Although not all defendants in the above-captioned case overlap with those named in the prior-filed action, the defendants in this action appear similarly entitled to immunity defenses. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) ("It is well settled that the United States and its employees, sued in their official capacities, are immune from suit, unless sovereign immunity has been waived."); *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) ("Except where a judge has acted 'in the clear absence of all jurisdiction,' the doctrine of judicial immunity shields that judge from liability for the judge's official adjudicative acts."); *Wagoner Cnty. Rural Water Dist. No. 2. v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009) ("The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state.").

this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

The Clerk is directed to send a copy of this report and recommendation to plaintiff by regular and certified mail.

IT IS SO ORDERED.

Dated October 19, 2016, at Kansas City, Kansas.


 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

O:\ORDERS\16-2655-JAR-3.docx